IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELISHA L. GRESHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 17-203-GMS |
| | ) | |
| OCWEN LOAN SERVICING, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, Elisha L. Gresham ("the plaintiff"), who proceeds *pro se*, commenced this action on February 28, 2017. (D.I. 2.) The defendants Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-EQ1 Asset-Backed Certificates, Series 2006-EQ1 and Ocwen Loan Servicing, LLC ("the defendants")[1] move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[2] (D.I. 16.) The plaintiff opposes.

### II. BACKGROUND

The plaintiff alleges illegal foreclosure proceedings and violations of her constitutional rights and numerous federal statutes occurred from 2006 through 2017 (D.I. 2 at 8.) She alleges that the defendants: (1) took advantage of her ignorance by manipulating and coercing her to sign a second set of mortgage documents under duress; (2) rejected all reasonable negotiation

---

[1] On October 5, 2017, the defendant Atlantic Law Group, LLC, was dismissed upon motion by the plaintiff. (*See* D.I. 26.)

[2] The complaint refers to Deutsche Bank as "Deutsche Bank (Germany) Regional Office." (D.I. 2 at 3.) Counsel for Deutsche indicates that Deutsche Bank National Trust Company is incorrectly named in its individual capacity and is more properly named "Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-EQ1 Asset-Backed Certificates, Series 2006-EQ1." (D.I. 10.)

efforts; (3) violated and disregarded all federal laws that warrant orders for them to cease and desist all collection and foreclosure of real property located in New Castle, Delaware; (4) failed to properly produce the "original order" in question and refused to debunk laws quoted by the plaintiff in her February 11, 2017 letter; (5) did not substantiate their legal claim/argument for the plaintiff to continue pay them or they would illegally pursue foreclosure proceedings; (6) did not allow the plaintiff adequate time to search for, and obtain, counsel in 2006; (7) disregarded her income changes due to disability; (8) tried to manipulate her in December 2016 to sign another agreement to lower her payments and only allowed her a limited time to review, sign and agree with the defendants; (9) ignored property records that show the plaintiff owns and fully purchased the property years prior to 2006; and (10) continue their pursuit to illegally foreclosure on her property to which they have no legal rights or claims. (*Id.* at 8-9.) The plaintiff seeks compensatory damages as well as a total and complete discharge of her entire debt from all parties involved.

The defendants move to dismiss on the grounds that the complaint: (1) fails to satisfy the pleading requirements of Rule 8(a)(2); (2) fails to state a cause of action; (3) fails to establish subject matter jurisdiction; and (4) fails to state a claim for fraud with the particularity required by Rule 9(b).

### III. STANDARD OF REVIEW

#### A. Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d

333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### B. Fed. R. Civ. P. 12(b)(6)

Because Gresham proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Finally, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary

element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

IV. **DISCUSSION**

   A. **Failure to State a Claim**

The complaint, as it now stands, fails to state claims upon which relief may be granted. The complaint does not identify a particular defendant taking specific actions. It does not identify when or where the alleged actions took place other than to provide the address of the real property at issue and a time-frame from 2006 to 2017. It does not identify the mortgage or mortgage foreclosure proceeding, when it was filed, where it was filed, if it remains pending, or if the matter has concluded.[3]

In invokes numerous statutes and UCC documents, as follows: (1) 18 U.S.C. § 1961, *et seq.*, RICO; (2) 15 U.S.C. § 2301, *et seq.*, Magnuson-Moss Warranty Act; (3) 18 U.S.C. § 1341, *et seq.*, mail and wire fraud; (4) 15 U.S.C. § 1601, *et seq.*, Truth In Lending Act; (5) 15 U.S.C. § 1681, *et seq.*, Fair Credit Reporting Act; (6) 15 U.S.C. § 1692, *et seq.*, Fair Debt Collection Practices Act; (7) 12 U.S.C. § 2607, Real Estate Settlement Procedures Act;[4] (8) 15 U.S.C. § 1639, Home Ownership Equity Protection Act; (9) 15 U.S.C. § 1666, *et seq.*, Fair Credit Billing Act;[5] (10) 15 U.S.C. § 45(a), Federal Trade Commission Act; and (11) UCC Doc #2012127914 Nov. 28, 2012; UCC Doc #2012114776 Oct. 24, 2012; UCC Doc #2012096074

---

[3]It may be that abstention is appropriate under either the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine.

[4]The plaintiff provides the wrong code citation, incorrectly referring to 12 U.S.C. § 1205.

[5]The plaintiff provides the wrong code citation, incorrectly referring to 12 U.S.C. § 1601.

5

Sept. 09, 2012; UCC Doc #2012114586; UCC Doc #2012114776; WA DC UCC Ref Doc #2012113593, and UCC #2013032034. Other than listing these statutes and UCC documents, the complaint contains no facts to plead a cause of action under any of them.

In addition, to the extent the plaintiff seeks to impose criminal liability upon the defendants pursuant to the criminal statutes upon which she relies, she lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008) (unpublished); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Further, as the defendants correctly note, it appears that some claims the plaintiff may intend to raise are, more than likely, time-barred by the applicable statute of limitations. However, given the lack of dates in the complaint, the court is unable to discern which claims may be time-barred. The claims could include those raised under: (1) the Truth in Lending Act in an action for damages, which must be brought within one year of the occurrence of the violation, *see* 15 U.S.C. § 1640(e), and in a claim for rescission of a mortgage loan which must be filed within three years of the date of the loan's closing, *see* 15 U.S.C. §1635(f); (2) the Fair Debt Collection Practice Act which must be brought within one year from the date on which the violation occurs, *see* 15 U.S.C. § 1692k(d); (3) the Home Ownership and Equity Protection Act which falls under the same regulatory scheme as the Truth in Lending Act, *see* 15 U.S.C.

§ 1635(a), § 1639, and § 1640(a); and (4) RICO which must be commenced within the four year statute of limitations period, *see Cetel v. Kirwan Fin. Group, Inc.*, 460 F.3d 494, 206 (3d Cir. 2006).

In addition, there is private right of action under the Federal Trade Commission Act. *See FMC Corp. v. Summit Agro USA, LLC*, 2014 WL 6627727 (D. Del. 2014). Nor is there a private right of action under § 1681-s2(a)(6) the Real Estate Settlement Procedures Act. *See Jacques v. Solomon & Solomon P.C.*, 886 F. Supp. 2d 429, 435 (D. Del. 2012) (enforcement limited solely to state and federal authorities).

Finally, to the extent the plaintiff seeks to raise a claim for fraud, the allegations as they now stand, do not meet the level of pleading specificity required under Fed. R. Civ. P. 9(b). "In order to satisfy Rule 9(b), plaintiff[] must plead with particularity 'the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" *Lum v. Bank of Am.*, 361 F.3d 217, 223024 (3d Cir. 2004) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984)), abrogated in part on other grounds by *Twombly*, 550 U.S. at 557. Here, the allegations do not satisfy that burden and, most notably, the plaintiff has not alleged the particular facts surrounding any alleged fraud.

As discussed, there are numerous reasons why the complaint is deficiently pled and why the complaint, as it now stands, fails to state claims upon which relief may be granted. Accordingly, the court will grant the defendants' motion to dismiss. However, the court is mindful of the plaintiff's *pro se* status. Therefore, she will be given leave to file an amended complaint to cure the pleading defects.

## V. CONCLUSION

For the above reasons, the court will: (1) grant the defendants' motion to dismiss pursuant to Fed. R. Civ. 12(b)(6) (D.I. 16);[6] and (2) will give the plaintiff leave to amend to cure her pleading defects.

An appropriate order will be issued.

_____
UNITED STATES DISTRICT JUDGE

Feb 5, 2018
Wilmington, Delaware

---

[6]The court does not address dismissal under Rule 12(b)(1) given the complaint's deficient pleading and the plaintiff's *pro se* status, but will consider the issue, if raised by the defendants, upon the filing of an amended complaint.

8