IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELISHA L. GRESHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OCWEN LOAN SERVICING, LLC, et al., )<br>)<br>Defendants. ) | Civ. No. 17-203-GMS |

## MEMORANDUM

The plaintiff, Elisha L. Gresham ("the plaintiff"), who appears *pro se*, commenced this action on February 28, 2017, alleging illegal foreclosure proceedings, violations of her constitutional rights, and violations of numerous federal statutes. On February 5, 2018, the court granted the defendants' motion to dismiss and gave the plaintiff leave to amend. (D.I. 28, 29.) The plaintiff moves for reconsideration. (D.I. 30.) She also seeks additional time to file an amended complaint. (D.I. 31.) The defendants oppose both motions. (D.I. 33.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for

1

reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

The plaintiff moves for reconsideration on the grounds that Ocwen Loan Servicing, LLC breached a legal binding contract and violated many federal laws. (D.I. 30.) She filed a "continuation/addendum" to the motion wherein she discusses the defendants' alleged misdeeds. (D.I. 32.) The court has again reviewed the complaint, motion to dismiss, and applicable law and finds that the plaintiff has failed to demonstrate any grounds for reconsideration of the order that granted the defendants' motion to dismiss. Accordingly, the motion for reconsideration (D.I. 30) will be denied.

The plaintiff also seeks a sixty-day extension of time to file an amended complaint. (D.I. 31.) The plaintiff explains that she needs the time to request additional information and substantiating data from other sources. She wishes to submit to the court "whatever related documents" she is able to "in increments." (*Id.*) The plaintiff will be given a thirty-day extension of time to file an amended complaint. The plaintiff is reminded that her pleadings are to be contained in one document. A piecemeal amended complaint is not acceptable.

_____
UNITED STATES DISTRICT JUDGE

March 12, 2018
Wilmington, Delaware

2