IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELISHA L. GRESHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 17-203 (MN) |
| OCWEN LOAN SERVICING, LLC, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Elisha L. Gresham – Pro Se Plaintiff

David A. Dorey, Craig N. Haring, BLANK ROME, LLP, Wilmington, DE – attorneys for Defendants

December 17, 2018
Wilmington, Delaware

*[signature]*

NOREIKA, U.S. DISTRICT JUDGE:

Before the Court is Defendant Ocwen Loan Servicing, LLC's ("Ocwen") motion to dismiss (D.I. 50) Plaintiff Elisha Gresham's Amended Complaint (D.I. 49) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff opposes the motion. (D.I. 52). For the reasons set forth below, the Court grants Defendant's motion to dismiss with respect to all claims but one – the claim alleging violation of the Fair Debt Collection Practices Act.

I.     **BACKGROUND**

Plaintiff filed this action against Ocwen, Atlantic Law Group, LLC ("Atlantic"), and Deutsche Bank (Germany) Regional Office[1] ("Deutsche Bank") on February 28, 2017, alleging *inter alia* that Defendants "intentionally and knowingly manipulate[ed] and coerc[ed] [Plaintiff and her husband] to sign a 2nd set of mortgage documents under duress" and then "violate[d] and disregard[ed] all federal laws that warrants orders for them to cease and desist all collection and foreclosure efforts with regards to the property at stake." (D.I. 2 at 8). Atlantic filed a motion to dismiss on August 21, 2017. (D.I. 15). Defendants Ocwen and Deutsche Bank jointly moved to dismiss on the same date. (D.I. 16). Plaintiff filed a "Motion to Remove the Defendant, Atlantic Law Group, LLC from this Case" on September 18, 2017. (D.I. 24). The Court accepted the filing as a "motion to voluntarily dismiss defendant" and dismissed Atlantic from the case without prejudice on October 5, 2017. (D.I. 26). On February 5, 2018, the Court granted the joint motion to dismiss filed by Ocwen and Deutsche Bank pursuant to Fed. R. Civ. P. 12(b)(6) and provided Plaintiff with leave to amend her pleadings. (D.I. 28). The Court reasoned that Plaintiff's

---

[1]     The Complaint refers to Deutsche Bank as "Deutsche Bank (Germany) Regional Office." (D.I. 2 at 3). Counsel for Deutsche Bank indicates the defendant would be more properly named as "Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-EQ1 Asset-Backed Certificates, Series 2006-EQ1." (D.I. 10). The Court accepts this revision.

1

Complaint, listing "numerous statutes and UCC documents," failed to state a claim upon which relief could be granted because it: "[did] not identify a particular defendant taking specific actions;" "contain[ed] no facts to plead a cause of action under any [of the statues of UCC documents];" sought to improperly "impose criminal liability upon the defendants" despite a lack of standing to do so; raised several claims that were either time-barred or did not include a private right of action; and failed to meet the pleading standards for allegations of fraud. (*Id.* at 5-7).

Plaintiff filed an Amended Complaint on July 30, 2018. (D.I. 49). Plaintiff's Amended Complaint alleges that she was "unknowingly schemed and tricked into a fictitious mortgage by the defendants." (*Id.* at 1). The caption of the Amended Complaint refers to "OCWEN LOAN SERVICING, LLC, et al" but does not name any other defendant. Similarly, the text of the Amended Complaint states "Defendant is Ocwen Loan Servicing, LLC, et al.," and does not name or identify any actions taken by any other purported defendant with respect to Plaintiff.[2] Plaintiff alleges that: "[b]etween 2006 and 2009 the defendants telephoned the plaintiffs [sic];" defendants "gave a false impression" that they were a representative of Plaintiff's mortgage company; told Plaintiff she needed "to quickly sign some papers which would validate the completion of plaintiff's mortgage;" Defendant knew of and exploited "plaintiff's ignorance" to get her to sign a new mortgage; and Plaintiff contacted Defendant on numerous occasions in an attempt to discuss and rectify the situation but was given "the run a around [sic];" (*Id.* at 3). The Amended Complaint adds that it is "important to note that, the mortgage company during that time was Saxon Loan

---

[2]     Plaintiff attached to her Amended Complaint several articles about, and criminal information against, Deutsche Bank. The documents have no bearing on the action in front of the Court. Plaintiff has failed allege any actions by Deutsche Bank with respect to her or her claims. Therefore, Deutsche Bank is dismissed from this case for failure to state a claim upon which relief may be granted.

Servicing Company which, is who the current defendants say they obtained the plaintiff's property loan from." (*Id.* at 4).

In the Amended Complaint itself, Plaintiff alleges violations of 18 U.S.C. § 1341 (wire fraud) and 18 U.S.C. § 1001 (false statements) and notes that the charges are continued in one of her attachments. (*Id.* at 2). Plaintiff also attaches, and incorporates by reference, a letter sent to the Court on February 13, 2018 identifying the following claims: (1) 18 U.S.C. § 1961, *et seq.*, RICO; (2) 15 U.S.C. § 2301, *et seq.*, Magnuson-Moss Warranty Act ("MWWA"); (3) 18 U.S.C. § 1341, *et seq.*, mail and wire fraud; (4) 15 U.S.C. § 1601, *et seq.*, Truth In Lending Act ("TILA"); (5) 15 U.S.C. § 1681, *et seq.*, Fair Credit Reporting Act ("FCRA"); (6) 15 U.S.C. § 1692, *et seq.*, Fair Debt Collection Practices Act ("FDCPA"); (7) 12 U.S.C. § 2605, Real Estate Settlement Procedures Act ("RESPA"); (8) 15 U.S.C. § 1639, Home Ownership Equity Protection Act ("HOEPA"); (9) 15 U.S.C. § 1666, *et seq.*, Fair Credit Billing Act ("FCBA"); (10) 15 U.S.C. § 45(a), Federal Trade Commission Act ("FTC Act"); and (11) a number of UCC Documents[3]. (*Id.* at 10-19). In the letter, Plaintiff also alleges facts purporting to show how the Defendant violated each of the statutes and UCC documents. (*Id.*)

The Court takes judicial notice of Plaintiff's chronological mortgage history from the publicly available New Castle County Recorder of Deeds[4] (1) on August 26, 1997 Plaintiff and Gregory L Gresham ("Husband") entered into a mortgage on the property at issue for $80,930.00 with Wilmington Trust Company ("WTC"); (2) on August 30, 1997, Plaintiff and Husband entered

---

[3] UCC Doc #2012127914 Nov. 28, 2012; UCC Doc #2012114776 Oct. 24, 2012; UCC Doc #2012096074 Sept. 09, 2012; UCC Doc #2012114586; WA DC UCC #2012113593; #2013032034; and UCC Doc #201610030050090.

[4] New Castle County Recorder of Deeds Public Access, https://deeds.nccde.org/pax/. Search criteria: Last Name: Gresham, First Name: Elisha.

into a second mortgage on the same property for $5,000.00 with the New Castle County Department of Community Development and Housing ("New Castle"); (3) on August 4, 2005, Plaintiff and Husband entered into another mortgage on the same property for $101,289.12 with Beneficial Delaware, Inc. ("Beneficial"); (4) on August 24, 2005, Plaintiff and Husband satisfied their mortgage with WTC; (5) on August 30, 2005, Plaintiff and Husband satisfied their mortgage with New Castle; (6) on June 12, 2006, Plaintiff in Husband signed a "Mortgage Subordination Agreement" with New Castle Department of Community Services to subordinate a current debt whereas the Plaintiff and Husband "[were] about to borrow an additional sum . . ., secured by a mortgage on and covering" the property at issue; (7) on June 20, 2006, Plaintiff and Husband entered into a new mortgage with Mortgage Electronic Registration Systems, Inc. ("MERS") for $149,580.00 on behalf of EquiFirst Corporation; (8) on July 7, 2006, Plaintiff and Husband satisfied their mortgage with Beneficial; and (9) on March 2, 2009, MERS assigned its rights, for value, to Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-EQ1.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Given Plaintiff's *pro se* status, her complaint is to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation omitted).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The Court may grant a motion to dismiss only if, after "accepting all well pleaded allegations in the complaint as true and viewing them in the light most favorable to plaintiff, [the] plaintiff is not entitled to relief." *Id.* "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputed authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. <u>DISCUSSION</u>

The Amended Complaint alleges that Ocwen contacted Plaintiff at some point between 2006 and 2009, represented itself as a representative of Plaintiff's mortgage company, tricked her into accepting and signing a new mortgage, and has now "attempted to proceed with fraudulent foreclosure." (D.I. 49 at 2). The Amended Complaint does not identify the mortgage at issue or any foreclosure proceedings thereon. As noted above, however, the Court has taken judicial notice

5

that Plaintiff and her Husband obtained a mortgage on June 20, 2006 and that mortgage appears to remain outstanding. After reviewing the Amended Complaint, the Court finds that Plaintiff has failed to state a claim on which relief may be granted with respect to all claims but one – the claim alleging violation of the Fair Debt Collection Practices Act. The bases for the Court's decision fall into the following categories: the statute on which the claim is based does not provide a private right of action; the claim is time-barred by an applicable statute of limitations; the claim presented is not applicable to mortgage debt; the claim is not a recognized federal action; or Plaintiff has otherwise failed to state a claim upon which relief can be granted.

### A. No Private Right of Action.

The Amended Complaint's claims pursuant to 18 U.S.C. § 1341, 18 U.S.C. § 1001, FCRA, and the FTC Act fail because those statutes do not provide a private right of action. Sections 1001 and 1341 are federal criminal statues for which prosecution remains solely in the hands of the United States Attorney within the district. *See United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). As courts have recognized, neither statute provides citizens with a private right of action to bring claims. *See Thompson v. Michels*, 574 F. App'x 196, 197 (3d Cir. 2004) ("[plaintiff] invoked 18 U.S.C. § 1341, but that is a criminal statute that does not give rise to a private right of action"); *Johnson v. Cullen*, 925 F. Supp. 244, 251 (D.Del. 1996) ("[t]he Court agrees with the reasoning applied in this line of cases and holds that there is no private right of action available to plaintiffs under 18 U.S.C. § 1001"). Thus, Plaintiff's claims under §§ 1341 and 1001 must be dismissed with prejudice for failure to state a claim upon which relief may be granted.

FCRA was enacted to create "a regulatory framework governing consumer credit reporting." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Under FCRA, a consumer may bring a "suit for damages caused by a furnisher's negligent breach of its duties to consumers under 15 U.S.C. § 1681s-2(b)." *Seamans* at 864 (citing *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011)). FCRA, however, "explicitly precludes private suits for failure to comply with [15 U.S.C. § 1681s-2(a)], and instead provides for enforcement of that provision by federal and state officials." *Id.* (internal citation omitted) (citing 15 U.S.C. § 1681s-2(d)). The Amended Complaint identifies FCRA generally and states that "the defendants have reported inaccurate reports to the credit reporting agencies causing much injury/damage" without identifying under which subsection Plaintiff would proceed. (D.I. 49 at 12). To the extent that the Amended Complaint advances a claim under 15 U.S.C. § 1681s-2(a), such a claim is barred, and dismissed with prejudice. Alternatively, to the extent that the Amended Complaint alleges a claim under 15 U.S.C. § 1681s-2(b), the Court further considers this claim below (*infra* at 12).

Lastly, the FTC Act prohibits "unfair methods of competition," including advertisements containing false or misleading representations or material omissions. *See* 15 U.S.C. §§ 45, 52(a), 55(a)(1) (1988) (codifying FTC Act §§ 5, 12, 15). The FTC Act vests public regulation of trade competition beyond antitrust violations in the Federal Trade Commission (the "FTC"). *Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 231 (3d Cir. 1990). The FTC Act does not create a private right of action. *See id.* Thus, the Court finds the Amended Complaint has failed to state a claim upon which relief may be granted with respect to the FTC Act (15 U.S.C. § 45(a)). This claim is dismissed with prejudice.

## B. Time Barred Because of Applicable Statute of Limitations

The Amended Complaint's allegations of violations of RICO, TILA, and HOEPA fail because each is time-barred by an applicable statute of limitations. The Third Circuit "permit[s] a limitations defense to be raised by a motion under Rule 12(b)(6) only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir.2014)) (internal quotations omitted). Thus, the Court may dismiss a complaint based on a statute of limitations only "if the face of the complaint demonstrates that the plaintiff's claims are untimely." *Id.* (internal quotations omitted).

An individual may bring a civil RICO claim under 18 U.S.C. § 1964(c) for any violations of 18 U.S.C. § 1962. The Third Circuit has found that "[a] common thread running throughout § 1962 is that an injured party must demonstrate that the defendant was engaged in a 'pattern of racketeering activity.'" *Amos v. Franklin Fin. Servs. Corp.*, 509 F. App'x. 165, 167 (3d Cir. 2013) (quoting *Tabas v. Tabas*, 47 F.3d 1280, 1289 (3d Cir. 1995)). "Racketeering activity" has been described as "any act or threat involving specified state-law crimes, any act indictable under various specified federal statutes, and certain federal offenses." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 232 (1989) (internal quotations omitted).

Under § 1964(c), which is applicable here, Plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Amos*, 509 F. App'x. at 167 (citing *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). "[P]laintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima*, 473 U.S. at 496. RICO claims must be commenced within a four-year statute of limitations period. *Cetel v. Kirwan Fin. Group, Inc.*, 460 F.3d 494, 506 (3d

Cir. 2006). Here, to the extent that Plaintiff alleges that § 1001 or § 1341 is a predicate offense, the actions related thereto occurred before the mortgage was obtained – in 2006. Thus, any such claims are barred by the statute of limitations.[5] For this reason, the Amended Complaint fails to state a claim upon which relief may be granted with respect to a RICO claim and thus this claim is dismissed with prejudice.

Plaintiff's TILA claim also falls outside the statute of limitations period. Under TILA, an action for damages must be brought within one year of the occurrence of the violation: here the conduct alleged in obtaining the mortgage. 15 U.S.C. § 1640(e). Alternatively, an action for rescission "shall expire three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). Whereas Plaintiff obtained her mortgage on June 20, 2006, the statutes of limitation for damages and for rescission have long since passed. The Amended Complaint fails to state a claim upon which relief may be granted with respect to a TILA claim and thus this claim is dismissed with prejudice.

Lastly, Plaintiff's HOEPA claim also falls outside the limitations period. Under HOEPA, "[a]ny action . . . may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Again, Plaintiff obtained her mortgage on June 20, 2006, and the statute of limitation has long since passed. Thus, the Amended Complaint fails to state a claim upon which relief may be granted with respect to a HOEPA claim and this claim is dismissed with prejudice.

---

[5] Beyond this, Plaintiff has also failed to show that any plausible relief could be granted with respect to her RICO claims.

### C. Claims That Do Not Cover Mortgage Debt

The Amended Complaint's claims under MMWA and FCBA fail because each relates to consumer purchases and consumer debt and do not cover mortgage instruments. The MMWA prohibits certain actions by sellers regarding warranties on consumer products. 15 U.S.C. § 2302. The statute defines "consumer products" as "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes." *Id.* at § 2301(1). The Amended Complaint alleges that Defendant "didn't [] offer us any warranties at the time of this alleged property transaction" regarding the mortgage. (D.I. 49 at 10). A mortgage, however, is not tangible personal property and Plaintiff has no MMWA claim. Therefore, Plaintiff's MMWA claim is dismissed with prejudice.

The FCBA applies to open-ended consumer credit plans. *See* 15 U.S.C. § 1666. Courts have found "[t]he FCBA's protections do not extend to closed-end credit, such as . . . mortgage loan[s]." *Stroman v. Bank of America Corp.*, 852 F. Supp. 2d 1366, 1374 (N.D. Ga. 2012) (citing *LaPrade v. Abramson*, 2006 WL 3469532 (D.D.C. Nov. 29, 2006). Here, because the loan at issue is a mortgage under which Plaintiff received $149,580 for the security on her home in 2006, the Court finds Plaintiff has failed to state a claim as to the FCBA claims upon which relief might be granted, and, thus, this claim must be dismissed with prejudice.

### D. Failure to State a Claim Upon Which Relief Might be Granted

The Amended Complaint identifies seven purported UCC Documents[6], six of which appear to come from a "Banks & 'Governments' Foreclosed Worldwide" document attached to Plaintiff's original Complaint and a seventh which Plaintiff alleges to "have legally filed, registered and recorded . . . to protect our own property/investments." (D.I. 49 at 18-19). After diligent search,

---

[6] Identified *supra*.

the Court has been unable to identify any instance where a federal court has found that a UCC Document, standing alone, provides a right of action to sue or a cognizable claim. Even if the Court liberally construes the inclusion of these documents as an attempt by Plaintiff to raise breach of contract claim, the Complaint fails to sufficiently plead a claim upon which relief may be granted because the Complaint does not *inter alia*: indicate whether Plaintiff and Defendant are both parties to any of these UCC Documents, where or when these documents were filed, what interest they secure, or how defendant allegedly breached them.

Under 12 USC § 2605, RESPA[7] covers the servicing of mortgage loans and administration of escrow accounts. Claims under § 2605 are subject to a three-year statute of limitations period "from the date of the occurrence of the violation." 12 USC § 2614. The Amended Complaint alleges Plaintiff was "forced into an escrow we didn't want and the defendants refused to eliminate that service per our many requests to do so." (D.I. 49 at 15). Defendant does not identify when she was "forced into" the escrow or when the "many requests" to eliminate the service occurred. Additionally, there is no evidence in the record indicating when Ocwen became the servicer for Plaintiff's most recent mortgage. As such, the Court cannot properly exclude this claim as time-barred. The Amended Complaint, however, fails to make a RESPA claim as a matter of law. Section 2605 requires a "servicer of a federally related mortgage loan" to "provide a written response . . . within 5 days" of receipt of a "qualified written response from the borrower." 12 USC § 2605(e)(1)(A). In the Amended Complaint, though Plaintiff generally discusses

---

[7] Though the Amended Complaint identifies RESPA as 12 U.S.C. § 2607, the subsequent description of claims thereunder implicates §§ 2604 and 2605. Given the *pro se* status of the Plaintiff, the Court will consider these sections. Since the Court has previously held that § 2604 – covering the provision of a special information booklet and good faith estimate of charges for settlement services to a borrower – contains no private right of action, *Shahin v. PNC Bank, N.A.*, C.A. No. 13-1401-LPS, 2015 WL 167180, at *2 (D. Del. Jan 13, 2015), that claim is dismissed with prejudice. Section 2605 is analyzed above.

communications with Defendant, she makes no allegation of contacting Defendant in writing with respect to the escrow service. For this reason, the Amended Complaint fails to establish a plausible claim for relief and thus the RESPA claim under Section 2605 will be dismissed without prejudice.

As discussed above, under Section 1681 of the FCRA, a consumer can bring a "suit for damages caused by a furnisher's negligent breach of its duties to consumers under 15 U.S.C. § 1681s-2(b). *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014) (citing *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir.2011)). To bring such a claim, Plaintiff must show three elements: (1) she must notify the credit reporting agency, (2) the credit reporting agency must inform the furnisher of the information, and (3) the furnisher failed to investigate and take corrective measures, if necessary. *Id.* at 867 n.11. Plaintiff fails to plead facts sufficient to meet her burden for showing such a claim. The Amended Complaint simply states "defendants have reported inaccurate reports to the credit reporting agencies causing much injury/damage." (D.I. 49 at 12). There is no allegation that Plaintiff contacted any of those agencies, that those agencies contacted defendant, or that Defendant subsequently failed to investigate the disputed information. As such, Plaintiff has failed to state a claim upon which relief may be granted and thus her claims under the FCRA are dismissed without prejudice.

E.  **Plaintiff's FDCPA Claim**

Under the FDCPA, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," which includes "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Moreover, should a consumer, in writing, request that such a collector cease communications "the debt collector shall not communicate further with the

consumer with respect to such debt," excluding some limited exceptions. 15 U.S.C. § 1692c(c). The FDCPA has a statute of limitation period of one-year "from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

In the Amended Complaint, Plaintiff alleges that Defendants would: "call[] my home 4 to 5 times a day," "call and hang up," "keep calling until [Plaintiff] would eventually answer," "call from different phone numbers," "call[] at ungodly hours in the evening and mornings," and call "as late as 10:05pm weeknights and as early as 8:15am weekdays and Saturday mornings." (D.I. 49 at 13). Plaintiff alleges that "defendants were verbally and asked in writing to stop calling." *Id.* Defendant contends that this claim is time-barred because "Plaintiff fails to allege any violation of the FDCPA, let alone that such a violation occurred within the one-year statutory period prior to filing of her initial Complaint." (D.I. 51 at 15). The Court disagrees. Reading the Amended Complaint liberally and accepting *pro se* Plaintiff's factual allegations as true, the Court finds that Plaintiff has alleged sufficient facts in her Amended Complaint to allow the Court to draw a reasonable inference that the Defendant is liable for the alleged misconduct with respect to FDCPA Sections 1692c(c) and 1692d(5). The pleading, though somewhat inartful, suggests that despite Plaintiff's request for reprieve, the Defendants continued to make telephonic contact with Plaintiff, sometimes numerous times a day and at odd hours. It is not clear from the face of the Complaint that the claim is untimely, and thus, the Court may not dismiss the FDCPA claims on the current record. *Stephens*, 796 F.3d at 288.

## IV. CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss Plaintiff's Amended Complaint is GRANTED with prejudice with respect to: (1) 18 U.S.C. § 1961, *et seq.*, RICO; (2) 15 U.S.C. § 2301, *et seq.*, MWWA; (3) 18 U.S.C. § 1341, *et seq.*, mail and wire fraud; (4) 15 U.S.C. § 1601,

*et seq.,* TILA; (5) 15 U.S.C. § 1639, HOEPA; (6) 15 U.S.C. § 1666, *et seq.,* FCBA; (7) 15 U.S.C. § 45(a), FTC Act; and (8) miscellaneous UCC Document claims.[8] The motion is GRANTED without prejudice with respect to the 15 U.S.C. § 1681, *et seq.,* FCRA claim and the 12 U.S.C. § 2605, RESPA claim. The motion is DENIED with respect to the 15 U.S.C. § 1692, *et seq.,* FDCPA claim. An appropriate order will follow.

---

[8] UCC Doc #2012127914 Nov. 28, 2012; UCC Doc #2012114776 Oct. 24, 2012; UCC Doc #2012096074 Sept. 09, 2012; UCC Doc #2012114586; WA DC UCC #2012113593; UCC #2013032034; and UCC Doc #201610030050090.